**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re: CARL G. GREENE,** | :   **CHAPTER 13** |
| **Debtor** | : **BANKRUPTCY NO. 19-16299** |

**ORDER SUR MOTION OF U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION, ETC. ("USB") FOR RELIEF FROM THE AUTOMATIC STAY**

AND NOW, this _____ day of April, 2022, upon consideration of the Motion of USB for Relief from the Automatic Stay, and the Answer of the Debtor thereto, it is hereby ORDERED that the above-referenced Motion is DENIED.

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In Re: CARL G. GREENE,                    :        CHAPTER 13

      Debtor                                          : BANKRUPTCY NO. 19-16299

**DEBTOR'S ANSWER TO MOTION OF USB FOR RELIEF FROM THE AUTOMATIC STAY, WITH AFFIRMATIVE DEFENSES**

    1. The allegations of paragraphs 1-3, 5, 6, and 9 of the Motion are admitted.

    2.  All other allegations of the Motion are denied.  Strict proof of same is demandedat any hearing, if relevant.

**AFFIRMATIVE DEFENSES**

  3.  The Debtor's Chapter 13 plan was confirmed on February 10, 2021.

  4.  Pursuant to the terms of that Plan, this court approved a Loan Modification Agreement with ("the Agreement") with the Debtor and his wife on July 7, 2021.

  5.   Pursuant to that Agreement, the terms of the parties' obligations under the Mortgage and Note attached to the Motion were revised and the terms of their relationship after July 7. 2021, was controlled by that Agreement.

  6.  No reference to either the confirmed plan or the Agreement is included in the Motion even though the parties' relationship was controlled by the terms of the Agreement after July 7. 2021.

   7.  The Agreement requires the Debtor and his wife to remit payments of $1199.08 for the amounts due under the mortgage and all remittances for escrows for taxes and insurance on the mortgaged premises.

   8.  The Debtor believes that, at the time that this Motion was filed, he and his wife were current on all payments, Pursuant to letters received by the Movant's agents in the past several months, sums in excess of the rightful monthly payments of $1199.08/month.

    9.  Since this Motion was filed, the Debtor and his wife have remitted a payment in excess of

$1600. Since paragraph 7 of the Motion appears to allege that only a net amount of $1498.73 is delinquent, it appears that the Debtor and his wife have remitted a sum sufficient to cure the delinquency.

10. Therefore, it appears that the net alleged delinquency has been cured. As a result, this Motion should be withdrawn.

11. Since such a small amount was alleged to be delinquent and a cure was promptly remitted, it is unreasonable to award the Movant any sum for its attorneys' fees and costs, let alone $1238, towards the cost and fees for pursuing this Motion.

12. In no sense is the Movant entitled to waiver of the stay set forth in Bankruptcy Rule of Civil Procedure 3002.1

WHEREFORE, the Debtor requests that this court will dismiss or deny the Motion, or allow the Debtor and his wife a reasonable opportunity to cure any default which is determined to remain.

_____

-                        /s/DAVID A. SCHOLL

512 Hoffman Street

Philadelphia, PA. 19148

610-550-1765

Attorney for Debtor

-